IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENT E. TURNBAUGH, #42450-037, Plaintiff, | § § § | |
| v. | § § | CIVIL NO. 3:17-CV-0719-M-BK |
| UNITED STATES OF AMERICA, Defendant. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil rights case was referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be summarily **DISMISSED.**

### I. BACKGROUND

On January 26, 2017, Plaintiff, a federal prisoner at the Federal Correction Institution ("FCI") in Marianna, Florida, filed his *pro se* Complaint under the Federal Tort Claims Act ("FTCA") and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against the United States, former U.S. Attorney General L. Lynch, FCI Seagoville Warden Majia[1], and FCI Seagoville Medical Health Services Administrator Hunter. Doc. 1 at 1-3. Plaintiff also generally alleges violations under 28 U.S.C. § 3001, 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 2000, and claims breach of contract and breach of responsibility, duty, and trust. Doc. 1 at 13.

---

[1] Plaintiff incorrectly spells this Defendant's last name. According to the administrative remedy requests attached to the complaint, this Defendant's last name is Mejia.

By his complaint, Plaintiff claims that Defendants were negligent and deliberately indifferent to cataracts in Plaintiff's eyes. Doc. 1 at 10. Specifically, Plaintiff alleges that during his incarceration at FCI Seagoville, from January 2011 until January 2016, Defendants unreasonably delayed his cataract surgeries for five years. Doc. 1 at 9. He maintains the surgeries were necessary to correct his deteriorating eye problems and, as a result of the delay, he "still cannot see" adequately and his "vision is still at 20/200 in both eyes even after surgery." Doc. 1 at 10. Plaintiff seeks monetary damages. Doc. 1 at 12.[2]

Along with the complaint, Plaintiff has submitted 110 pages of exhibits, consisting primarily of copies of health services department notifications, administrative remedies requests and responses, and a tort claim request and response. Doc. 1 at 16-126.

## II. ANALYSIS

### A. Subject Matter Jurisdiction

#### a. The Court Lacks Subject Matter Jurisdiction Over the FTCA Claim

Before screening an *in forma pauperis* complaint under 28 U.S.C. § 1915(e), the Court must examine the threshold question of whether it has subject-matter jurisdiction. It is an issue of the utmost importance and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *See System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[2] This action was initially filed in the Northern District of Florida, Panama Division, where Plaintiff has been confined since his transfer from FCI Seagoville. Doc. 4; Doc. 1 at 2.

In answer to the questionnaire, Plaintiff states that he is seeking to sue the Federal Bureau of Prisons (BOP) under the FTCA. Doc. 13 at 2. However, the proper defendant in a case brought under the FTCA is the United States of America, not an agency or employee. *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("[t]o sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant."). That notwithstanding the Court lacks jurisdiction over any FTCA's claim against the United States, which was also named as a defendant in the complaint.

As a jurisdictional prerequisite, the FTCA bars a claimant from bringing suit in federal court unless he filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months with no response. *See* 28 U.S.C. § 2675(a); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). In *McNeil v. United States*, 508 U.S. 106, 112 (1993), the Supreme Court held that failure to completely exhaust administrative remedies prior to filing a FTCA claim is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. Subsequent to *McNeil*, the United States Court of Appeals for the Fifth Circuit reaffirmed that exhaustion of administrative remedies is jurisdictional where the United States is a defendant, and that the requirement cannot be waived. *Price*, 69 F.3d at 54. In short, a prematurely filed FTCA claim "cannot become timely by the passage of time after the complaint is filed." *Id.* (citing *McNeil*, 508 U.S. at 106).

In answer to the questionnaire, Plaintiff confirms that he failed to comply with the jurisdictional prerequisite of filing an administrative claim with the BOP and either obtaining a written denial or waiting six months *prior to* filing his complaint. Doc. 13 at 5. Attached to the

3

complaint is an August 30, 2016 response from the South Central Regional Office of the BOP indicating that it had received Plaintiff's FTCA claim (Administrative Tort Claim -TRT-SCR-2016-06141) and that he "may expect a response from this office on or before February 27, 2017." Doc. 1 at 58. The letter noted that "[c]laims processed pursuant to the Federal Tort Claims Act normally receive a response within six months." *Id.* Apart from the above communication, Plaintiff states that he has yet to receive a response from the BOP or any other federal agency. Doc. 13 at 4.

Because Plaintiff filed this complaint on January 26, 2017, before the six-month waiting period expired, he has not complied with the strict requirement of section 2675(a). Insofar as he contends that his FTCA claim should not be dismissed because six months have now passed without a final ruling, his assertion has no merit because section 2675(a) "requires that jurisdiction must exist at the time the complaint is filed." *Reynolds v. United States,* 748 F.2d 291, 292 (5th Cir. 1984) (quoting *Gregory v. Mitchell,* 634 F.2d 199, 204 (5th Cir.1981)). Moreover, as previously noted, "[a]n action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." *Price,* 69 F.3d at 54. Accordingly, Plaintiff's FTCA claim should be dismissed for lack of subject matter jurisdiction.

### b. The Court Lacks Jurisdiction over the *Bivens* Claims against the Defendants in their Official Capacities[3]

Plaintiff attempts to sue the federal officials for monetary damages under *Bivens*. Doc. 1 at 12. However, claims for monetary damages against federal employees in an official capacity based upon allegations of constitutional violations are barred by the doctrine of sovereign immunity because they are considered as the actions of the federal agencies by whom they are employed. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). Plaintiff has not alleged or proffered proof of any explicit waiver of immunity by the BOP or the United States Department of Justice. Absent a waiver of sovereign immunity, the Court must dismiss Plaintiff's *Bivens* claims against each Defendant in his/her official capacity for lack of jurisdiction. *See Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (sovereign immunity barred claims against the United States, the BOP, or BOP officers in their official capacities).

### B. Preliminary Screening of Remaining Claims

Because Plaintiff is proceeding *in forma pauperis*, his remaining claims are subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A

---

[3] The complaint is silent about the capacity in which the individual Defendants are being sued. Nevertheless, in light of Plaintiff's *pro se* status, the Court presumes the federal officials are sued in both their official and personal capacities.

5

complaint is insufficient if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's remaining claims are either frivolous or fail to state a claim upon which relief can be granted.

### a. General Civil Rights, Contract, and Other Claims Fail

Besides the FTCA and *Bivens* claims, Plaintiff's complaint alleges the following wide-ranging list of charges:

> [4] a violation of 28 U.S.C. § 3001 . . ., 42 U.S.C. § 1981, § 1983, § 1985, § 1986, § 1997 & § 2000; &, within each of the foregoing, there is multiple violations & multiple occurrences for each violation; holding , "no entity may harm, damage, injure or discriminate due to race, colour [sic], religion, sex, sexual orientation or preference, age, disability, status, or for any other reason," &, "no entity may harm, damage, injure or discriminate upon or against an sentient living human being without committing a crime & said crime is called trespass vi et armis"; and,

> "I" realize the foregoing is quite general, however "I" am not an Attorney or of any type of Legal Counsel, "I" therefore am unschooled in law . . . and as such "I" cannot be held to the legal standards of an Attorney or of a person moderately schooled in law, and this entire brief & its text is to be view[ed] by this court in its most favorable light; and,

[5] Breach of Contract: continuing breach; material breach; partial breach; total breach; [6] Breach of Covenant; [7] Breach of Duty; [8] Breach of Trust; & [9] Breach of Fiduciary Responsibility;

Doc. 1 at 13.

Plaintiff's claims fail as a matter of law. The Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3001-3008, has no application in this case because it provides only for recovery of "an amount that is owing to the United Sates." 28 U.S.C. § 3002; *see also F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 319-20 (5th Cir. 2014). Moreover, because all named Defendants are federal rather than state actors, any section 1981 and 1983 claim necessarily fails. *See Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (section 1983 provides a cause of action only against a person acting under color of state law); *Cox v. Vela*, No. H-12-1932, 2014 WL 345675, at *3 (S.D. Tex. Jan. 30, 2014), *aff'd,* No. 14-20322 (5th Cir. Aug. 7, 2014) (collecting cases holding that section 1981 does not apply to federal governmental actors). Furthermore, Title VII proscribes only discriminatory employment practices, which are clearly not at issue in this case. *See* 42 U.S.C. § 2000e-2.

Likewise Plaintiff's reliance on 42 U.S.C. §§ 1985-1986 is untenable. Plaintiff does not allege any conspiracy motivated by racial- or class-based animus as is necessary to support a claim under section 1985(3). *See Jackson v. Biedenharn*, 429 F. App'x 369, 372 (5th Cir. 2011) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 101-102 (1971)). And since subsections (1) and (2) of section 1985 relate to preventing an officer from performing duties, or intimidating a party, witness, or juror in a court proceeding, they also are not relevant under the facts Plaintiff posits. *See* 42 U.S.C. § 1985. Because a valid corollary violation of section 1985 is requisite to a section 1986 violation, any section 1986 claim also fails. *See Bryan v. City of Madison*, 213 F.3d

267, 276 (5th Cir. 2000). Additionally, Plaintiff's bare assertions of breach of contract and breach of duty, trust, and fiduciary responsibility offer nothing more than "labels and conclusions." *Twombly*, 550 U.S. at 555. Accordingly, these claims should be dismissed as frivolous and/or for failure to state a claim.

### b. *Bivens* Claims related to First Cataract Surgery are Time Barred

Plaintiff asserts Defendants unreasonably delayed cataract surgery on his right eye. Because he alleges that the surgery occurred on May 13, 2014, Doc. 1 at 7, the deadline for filing a *Bivens* suit was no later than May 2016. *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) (statute of limitations in *Bivens* action is two years); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions). January 23, 2017 – more than seven months after that deadline – is the earliest date on which Plaintiff's complaint can be deemed filed, however.[4] Thus, based on the facts alleged in the complaint, all *Bivens* claims stemming from Plaintiff's first cataract surgery are barred by the two-year statute of limitations and should be dismissed for failure to state a claim.

### c. *Bivens* Claims Related to Second Cataract Surgery Fail

#### i. Former Attorney General Lynch

Former Attorney General Lynch may not be held liable under *Bivens* for supervisory liability, even if Plaintiff had sufficiently pled a constitutional violation. *See Iqbal*, 556 U.S. at

---

[4] A *pro se* prisoner's complaint is deemed filed as soon as the prisoner deposits it into the prison mail system. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The complaint *sub judice* indicates that it was signed by Plaintiff and submitted to prison officials for mailing on January 23, 2017. Doc. 1 at 12.

8

676 (supervisory government employees are only liable for their own misconduct, and doctrine of *respondeat superior* does not provide basis for liability in *Bivens* or section 1983 action). Plaintiff has presented no facts reasonably suggesting that the alleged delay in providing the second cataract surgery was due to Defendant Lynch individual actions or that she even knew of the purported delay. *See Lott v. Edenfield*, 542 F. App'x 311, 315 (5th Cir. 2013) (Attorney General was not subject to liability under *Bivens* for allegedly unconstitutional conditions at federal correctional institution, absent indication that she actually received notice of conditions). Indeed, in answer to the questionnaire, Plaintiff admits that he is suing Defendant Lynch only because of her status as the former U.S. Attorney General and her supervisory "position over the Bureau of Prisons." Doc. 13 at 6. Because Plaintiff seeks relief from a supervisory government employee who is liable only for her own misconduct, his allegations against Defendant Lynch fail to state a claim upon which relief may be granted.

### ii. Former Warden Majia and Health Services Administrator Hunter[5]

Likewise, Plaintiff fails to allege facts supporting personal involvement or acquiescence in the alleged constitutional deprivation by former Warden Mejia and Administrator Hunter. *See Iqbal*, 556 U.S. at 676 (requiring plaintiff to "plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Even when liberally construed, Plaintiff's allegations in the complaint and answers to the Court's questionnaire do not plausibility allege that Mejia and Hunter were personally indifferent to Plaintiff's serious medical condition. *Id.* (noting that "the term 'supervisory liability' is a

---

[5] In his September 14, 2017 letter, Plaintiff states that Defendants Majia and Hunter have either retired or transferred. He, thus, requests assistance in serving these Defendants. Doc. 15.

9

misnomer" and that "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

Here, the complaint mentions Hunter's name only once – in connection with a June 2015 meeting during which Plaintiff asked if he was still scheduled for a follow up eye exam. Doc. 1 at 8. In response to the Court's questionnaire, Plaintiff maintains Hunter did not "ensure the performance of . . . timely . . . cataract surgeries once referred by the Optometrist." Doc. 13 at 7.[6] He also claims Hunter "[f]ailed to ensure the Medical staff under her completed the process of appointment scheduling, surgeries, and follow-up treatments in a timely manner thus causing the cataract(s) to be so severe [that] it prevented the corrective lens to provide 20/20 vision." *Id.* These allegations, however, do not support a plausible inference of Hunter's personal involvement in the claimed deliberate indifference of Plaintiff's serious medical need. *See Twombly*, 550 U.S. 544, 555 and 557 (requiring a litigant to "raise [his] right to relief above the speculative level" and to present more than a "naked assertion" devoid of "further factual enhancement."); *Iqbal*, 556 U.S. at 678 (noting that a litigant must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation").

Plaintiff's contentions as to Warden Mejia fare no better. As with Hunter, Plaintiff mentions Mejia only once in the body of the complaint, generally asserting that he and other prison officials "had over two years to correct & fix" the cataract in Plaintiff's left eye. Doc. 1 at 10. In answer to the questionnaire, Plaintiff adds that Mejia "[f]ailed to ensure the required medical treatment, Cataract Surgeries[,] was properly completed in the timely manner after two

---

[6] The complaint and answers to the questionnaire reference the same chronological list of events. Doc. 1 at 34-35; Doc. 13 at 6-8.

sets of administrative remedies and with me speaking with him at main line in order to have the required surgeries performed and completed." Doc. 13 at 8. In support, Plaintiff references the same chronological list of events listed in the complaint, which indicate no specific involvement of Mejia in the salient events. Doc. 13 at 8, 11. Plaintiff never suggests that former Warden Mejia personally caused the cataract surgery to be delayed, he merely reiterates that "[a]pproval, appointment, and surgeries, and follow-up's were delayed, canceled and [that the surgery was] not completed in a total of 52 month period." Doc. 13 at 8.

Finally, even if the complaint is read to suggest that Mejia had knowledge of the delay pursuant to Plaintiff's 2015 administrative grievances, Plaintiff asserts no other facts that the Court could liberally construe to allege that the Warden had any personal involvement in the events underlying Plaintiff's claim. While Rule 8(a), of the Federal Rules of Civil Procedure, does not require a plaintiff to include detailed factual allegations, a litigant must still provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Plaintiff has failed in that regard.

Accordingly, Plaintiff's claims against Defendants Majia and Hunter fail to state a claim upon which relief may be granted and should be dismissed with prejudice.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to *sua sponte* dismissal with prejudice. *See Brewster v. Dretke,* 587 F.3d 764, 767-768 (5th Cir. 2009). For the reasons outlined herein, there is no possibility that any of Plaintiff's claims can be cured by amendment except his *Bivens* claim against Hunter and/or Mejia in their individual capacities that stem from the delay in Plaintiff receiving his second cataract surgery. **Thus, Plaintiff is**

11

**granted 14 days from the date of this Recommendation to amend his complaint to state, if possible, a viable *Bivens* claim against Mejia and/or Hunter relating to the delay in Plaintiff's second cataract surgery.** If Plaintiff fails to do so, the Court should dismiss the claims against Mejia and Hunter for failure to state a claim. *See Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016) (*sua sponte* dismissal with prejudice "is cabined by the requirements of basic fairness," and thus, unless dismissal is without prejudice or the plaintiff has alleged his best case, the district court must give "the plaintiff notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond").

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's claims under the FTCA and against the Defendants in their official capacity under *Bivens* be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, *see* FED. R. CIV. P. 12(h)(3), and that Plaintiff's remaining claims for violations under 28 U.S.C. § 3001, general civil rights violations, employment discrimination, and breach of contract and breach of duty be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

It is further recommended that Plaintiff's *Bivens* claims against Defendants Hunter and Mejia in their individual capacity be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim, **unless Plaintiff amends his complaint**, **within 14 days of the date of this recommendation**, to allege a viable claim against one or more Defendants stemming from the delay of his second cataract surgery.

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[7]

**SIGNED** October 2, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[7] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."